IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:11-0076 |
| | ) JUDGE TRAUGER/KNOWLES |
| AT&T, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

Judge Trauger has referred this action to the undersigned in part for a frivolity review under 28 U.S.C. § 1915(a)(2)(B), which provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim upon which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Docket No. 6.

Plaintiff's Complaint alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. Docket No. 1. The Complaint, in a conclusory fashion, avers that, because of Plaintiff's race, Defendant retaliated against her for

having filed a charge of discrimination. Plaintiff also appears to complain of "continued harassment/retaliation."

The factual allegations of Plaintiff's Complaint are set forth in approximately three handwritten pages. Docket No. 1, p. 3-6. Additionally, Plaintiff has attached to the Complaint a typed page with five separate paragraphs (Docket No. 1, p. 9), and a two-page e-mail from Plaintiff to Randall Stephenson. Docket No. 1, p. 10-11.

The handwritten allegations are difficult to understand and to follow. Plaintiff avers that she took a month off work, apparently as FMLA leave, in October 2009. She returned, but her responsibilities were taken away. She had to take training for Excel 2007, a program they did not use, but the other two white assistants did not have to take the training. Someone (it is unclear who) ridiculed her stating that she did not know how to do simple work in a meeting with CWA. There was increased surveillance by management. She was written up for insubordination because she wanted to know why her work was taken away, she was yelled at on the same day by her best friend, Ann Luecher, who threatened to suspend her but could not tell her why. An out-of-town manager sat behind her for three days taking notes, "while Ann accused [her] of [her] work [*sic*]." A CWA representative allowed Ann to ridicule Plaintiff. Plaintiff told "Arlie" (who is not identified) that a manager was yelling and threatening to suspend her for doing nothing. Arlie sent her home with pay. She sent Arlie an e-mail, the subject of which is unclear, but he refused to respond. She states that she found out that her "personal medical phones" [*sic*] were sent to Ann Wheeler. At several points, she avers that various employees were "trying to get [her] to react."

Insofar as the Court can determine, the single typed page attached to the Complaint

(Docket No. 1, p. 9) does not pertain to Plaintiff.

Finally, the e-mail to Mr. Stephenson (Docket No. 1, p. 10-11), while it mentions harassment and retaliation, does not set forth any facts showing either.

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

While Plaintiff has checked a blank on the form Complaint indicating that she was retaliated against for having filed a charge of discrimination because of her race, there are no factual allegations in the Complaint which show that she ever filed a charge of discrimination or that any actions taken by Defendant were taken because of Plaintiff's race.

For the foregoing reasons, the undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted, and the instant action should be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4

Case 3:11-cv-00076   Document 10   Filed 03/02/12   Page 4 of 4 PageID #: 33