UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-cv-0076 |
| | ) Judge Trauger |
| AT&T, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The plaintiff, proceeding *pro se* and *in forma pauperis*, alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 due to the plaintiff's race. (Docket No. 1). The plaintiff also alleges that the defendant retaliated against her after she filed a charge of racial discrimination. (*Id.*)

Presently pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered on March 2, 2012 (Docket No. 10), to which the plaintiff filed timely objections (Docket No. 15).

## STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the portions of the Magistrate Judge's recommendations to which objections have been made. The District Judge may accept, reject, or modify recommended decisions, receive further evidence, or recommit the matter to the Magistrate Judge with instructions.

## ANALYSIS

In conducting the frivolity review of the plaintiff's complaint required by 28 U.S.C. § 1915(a)(2)(B), the Magistrate Judge determined that the complaint failed to state a claim upon which relief can be granted. (Docket No. 10 at p. 3). Consequently, the Magistrate Judge recommended that the instant action be dismissed. (*Id.*) In support of this recommendation, the Magistrate Judge

found that "there are no factual allegations in the Complaint which show that she [the plaintiff] ever filed a charge of discrimination or that any actions taken by Defendant were taken because of Plaintiff's race." (*Id.*) The Magistrate Judge's R&R was entered on March 2, 2012. (*Id.*)

On February 28, 2012, the plaintiff discovered that three of her EEOC charges were "missing off of Pacer. All four charges were filed on January 26, 2011" along with the plaintiff's complaint, according to the plaintiff. (Docket No. 12).

On the same day that the Magistrate Judge entered the R&R, the plaintiff filed a "Letter/Notice re EEOC Notices" (Letter/Notice). (Docket No. 12). The Letter/Notice, dated October 28, 2010, is to the plaintiff from the EEOC, referencing four EEOC charges filed by the plaintiff. (*Id.*) On the Letter/Notice in handwritten notes, the plaintiff writes that she spoke with "Tina at the Clerk's Office" on February 29, 2012, "regarding the missing charges." (Docket No. 12). The plaintiff states that Tina advised the plaintiff to bring the missing charges to the court "to be filed." (*Id.*) Attached to the plaintiff's Letter/Notice are three EEOC charges that match numbers of three of the four EEOC charges referenced in the October 28, 2010, letter from the EEOC. (Attachs. 1-3 to Docket No. 12). The other number matches the EEOC charge that is attached to the plaintiff's complaint. (Attach. to Docket No. 1).

On March 2, 2012, the same day that the R&R was entered, the plaintiff also filed a motion to amend her complaint. (Docket No. 13). In that motion, the plaintiff again contends that "[t]here are 3 charges missing from my file. See circled cases numbers." (*Id.*)

After receiving the Magistrate Judge's R&R recommending the dismissal of her case, the plaintiff filed timely objections to the R&R. (Docket No. 15). In her objections, the plaintiff points out that, contrary to the Magistrate Judge's finding, evidence shows that the plaintiff <u>has</u> pursued claims of racial discrimination. The plaintiff points to the three missing EEOC charges that the

2

plaintiff maintains were submitted for filing on January 26, 2011, along with her complaint and a fourth EEOC charge, but were not filed for unknown reasons. The plaintiff further points to the October 28, 2010, letter from the EEOC that references four EEOC charges made by the plaintiff.

Although the court agrees with the Magistrate Judge that the plaintiff's complaint is at times difficult to understand, the Magistrate Judge recommended dismissal of the plaintiff's claims without the benefit of the plaintiff's explanation of the missing EEOC charges. The plaintiff provided this explanation by telephone to the Clerk's Office prior to the entry of the R&R and submitted the explanation in writing to the court on the very same day as the entry of the R&R. Given that the plaintiff made an immediate effort to supplement the record with the missing EEOC charges within twenty-four (24) hours of learning of their absence <u>and</u> that the plaintiff now has submitted to the court evidence that she has "filed a charge of discrimination" based on her race and that "actions by Defendant [allegedly] were taken because of Plaintiff's race" (Docket No. 10 at p. 3), the plaintiff's objections to the R&R are **SUSTAINED**, and the Magistrate Judge's recommendation to dismiss the plaintiff's complaint is **REJECTED**.

## CONCLUSION

After reviewing the record thoroughly, including the R&R and the documents filed by the plaintiff in response thereto, the court is of the opinion that the Magistrate Judge's conclusion was based on incomplete information, as explained above. Accordingly, the R&R is **REJECTED**.

The plaintiff filed this action on January 26, 2011, within the requisite ninety-day period after receiving her Right to Sue Letters. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1); *see also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co.*, 839 F.2d 1147, 1150 (6th Cir. 1988). After reviewing the full record before the court at this time, the court finds that the plaintiff has stated a colorable, non-frivolous, non-malicious claim of employment discrimination and

3

retaliation for purposes of 28 U.S.C. § 1915(a)(2)(B).

Accordingly, the Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for the defendant. The plaintiff will complete the service packet and return it to the Clerk's Office within twenty (20) days of the date of receipt of this order. Upon return of the service packet, **PROCESS SHALL ISSUE** to the defendant.

The plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize her prosecution of this action. She is also forewarned that her prosecution of this action will be jeopardized if she should fail to keep the Clerk's Office informed of her current address.

The referral order to the Magistrate Judge remains in effect.

It is so **ORDERED**.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Aleta A. Trauger
　　　　　　　　　　　　　　　　　　　　　United States District Judge

4