IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SABRINA HOLDER, )
 )
      Plaintiff, )
 )
 )
 ) CASE NO. 3:11-0076
vs. ) JUDGE TRAUGER/KNOWLES
 )
 )
AT&T SERVICES, INC. and )
COMMUNICATIONS WORKERS OF )
AMERICA, )
 )
      Defendants. )

# ORDER

This matter is before the Court upon a "Motion to Compel and to Extend Discovery and Dispositive Motion Deadlines" filed by Defendant AT&T Services, Inc. ("AT&T"). Docket No. 111. Defendant has filed a supporting Memorandum (Docket No. 112) and the Declaration of one of its counsel (Docket No. 113). The pro se Plaintiff, who is proceeding in forma pauperis, has filed a "Reply" to the Motion. Docket No. 119. Defendant seeks to compel Plaintiff to more fully respond to certain Interrogatories and Requests for Production of Documents.

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, alleging that Defendant discriminated against her on the basis of her race. Docket No. 1. Plaintiff averred that Defendant retaliated against her and harassed her.

The Interrogatories at issue, and Plaintiff's Responses thereto, are set forth below:

1. What are the names, last known addresses, and last known telephone numbers of all persons who have knowledge of the allegations contained in your Complaint?

RESPONSE:

    Objection: Overbroad

2. What is the specific nature of the knowledge you believe that each of the people listed in your response to Interrogatory No. 1 possesses?

RESPONSE:

    Objection: Broad; vague

4. If you have previously been a party to any lawsuit (other than this lawsuit) or charge or claim to an administrative agency, what was the date and file number of each such suit, charge or claim; the name by which you were then known; the court or agency (federal, state or local), in which it was brought; the name of all other parties, and the proper designation (e.g. civil action, charge or claim number) of the suit, claim or charge; whether you were plaintiff, defendant, charging or charged party?

RESPONSE:

    This is the only lawsuit I have filed.

5. If you are claiming emotional distress damages in this case, identify each and every physician, psychiatrist, psychologist, hospital or other healthcare provider (include name, address and telephone number) which has treated you for any medical condition, whether physical or psychological, since January 2008, and describe in detail (a) the condition or Complaint for which you were treated and (b) the medical care provided.

RESPONSE:

    Objection: Argumentive. Defendant is already aware of some of medical information regarding plaintiff as it pertain [*sic*] to this case.

6. Please state with specificity all instances of conduct by the Defendant or any of its agents, representatives or employees that in any way demonstrate that the Defendant discriminated against and/or harassed you, created a hostile work environment or subjected you to an unlawful employment action because of your race, or in retaliation, including the identity of the person(s) who committed each act, any witnesses present, the date and location and what exactly was said and/or done.

RESPONSE:

    Objection: This information is already available to the defendant. Broad and Burdensome.

8. Since January 2010, have you had any open or pending accounts with any online social networking websites (such as Facebook, MySpace, Twitter, Linkedin, etc.)? If so, for each such account you maintain, please provide the name of the social network, your Unique Friend ID number, the full URL to your profile, Account Identification Number, your email address associated with each account, your full name as registered with the website, your phone number (s) associated with the accounts, your IM account ID, and any schools/networks which have dedicated networking sites you have joined.

RESPONSE:

    Objection: Irrelevant to the case.

Docket No. 113-1, 2-5.

The Requests for Production and Plaintiff's Responses thereto are as follows[1]:

5. All diaries, notes, memoranda, or other writings or documents made by you that relate in any manner to the allegations in your

---

[1] It is apparent from Defendant's supporting Memorandum that Defendant also wishes to compel Plaintiff to respond to Request Nos. 1-4. Docket No. 112, p. 5. Defendant, however, has not provided the Court with copies of those Requests and the Responses thereto, nor has Defendant set them forth verbatim in any of its filings. Thus, with regard to Requests Nos. 1-4, Defendant has not complied with Local Rule 37.01(b)(2). The instant Motion, therefore, will be denied with regard to Request Nos. 1-4, without prejudice to renewing the Motion to Compel as may be appropriate with regard to these Requests.

Complaint.

RESPONSE:

    Objection: Attorney work-product and/or personal and/or irrelevant.

6. Every document prepared by or for, or reviewed by, one or more expert witnesses that you have consulted, retained, or will retain in this action, all documents setting forth the qualifications of such experts, all documents reflecting the compensation paid or to be paid to such experts, and all documents listing or reflecting any other cases in which such experts have testified in the past four years.

RESPONSE:

    Objection: Repetitive

7. All documents described or identified in your responses to Defendant AT&T Services, Inc.'s Interrogatories,

RESPONSE:

    Objection: Repetitive

8. All documents upon which the amount of any claim for damages set forth in your Complaint is or may be based, and the working papers from which any document purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared.

    Objection: Attorney-work product and may (pro se) already available to the defendant from the docket.

In her "Reply," Plaintiff states that she should be given additional time because she did not receive AT&T's meet and confer in the proper timing . . . ." Docket No. 119, p. 1. She further states that she believes Defendant is using the answers and/or evidence provided to give negative job references and manipulate evidence to their advantage. She further argues that Defendants have access to the majority of her evidence. These matters, however, have no

4

bearing on Plaintiff's responsibility to comply with her discovery obligations.

Interrogatory No. 1 is not overbroad. The information sought therein is plainly discoverable. Similarly, Interrogatory No. 2 is not broad or vague. It is clearly an appropriate Interrogatory. Interrogatory No. 4 seeks information concerning lawsuits, charges, or claims to which Plaintiff has previously been a party. It is not limited to lawsuits that she has filed. The Response is clearly inadequate.

Interrogatory No. 5 is not argumentative, and it is irrelevant that Defendant may already be aware of "some of" Plaintiff's medical information as it pertains to this case.

Interrogatory No. 6 seeks instances of conduct by Defendant that demonstrate or that Defendant discriminated against Plaintiff, harassed her, created a hostile work environment, or subjected her to an unlawful employment action. This is, again, plainly an appropriate Interrogatory. It does not matter that the information is already available to Defendant. Defendant has the right to be sure that it knows of all Plaintiff's claims. Moreover, the Interrogatory is not broad or burdensome.

Interrogatory No. 8 seeks information regarding social networking sites. Defendant argues in part as follows:

> AT&T is entitled to seek information that is reasonably calculated to lead to the discovery of admissible evidence on Plaintiff's claims and the relief she seeks in this lawsuit. Any statements that Plaintiff *may have made* on social media websites or any other forum are relevant to the extent that they relate or refer to her claims. She should be ordered to identify those websites that she participates in, if any.

Docket No. 112, p. 4-5 (emphasis added).

In *Potts v. Dollar Tree Stores, Inc.,* 2013 WL 1176504 (M.D. Tenn.) (Haynes, C.J.),

5

Plaintiff sued Defendant for race discrimination, hostile work environment, and retaliation. Defendant sought information regarding Plaintiff's Facebook and/or social media data. Plaintiff argued that the discovery of such media is allowed only where "the Defendant makes a threshold showing that publicly available information on [Facebook] undermines the Plaintiff's claims." *Id.* at *2 (citation omitted). As the *Potts* Court stated:

> The Defendant lacks any evidentiary showing that Plaintiff's public Facebook profile contains information that will reasonably lead to the discovery of admissible evidence. . . . Thus, the Court concludes that Defendant has not made the requisite showing for full access to Plaintiff's private Facebook or other social media pages.

*Id.*, at *3.

In the case at bar, Defendant has cited no authority for the proposition that it is entitled to discover non-public social media data, nor has Defendant made the requisite threshold showing.

Request for Production No. 5 seeks writings or documents made by Plaintiff that relate to the allegations in the Complaint. Plaintiff has objected on the basis of attorney work product and/or personal and/or irrelevant. Plaintiff has not, however, explained how any of this information could be attorney work product, since she does not have an attorney. Even if the information is personal, that is irrelevant. By filing this lawsuit, Plaintiff has waived any claim that information related to the lawsuit is "personal." Clearly, the documents sought are not irrelevant.

Request Nos. 6 and 7 are not "repetitive," and Plaintiff does not explain the basis for her claim that they are.

Request No. 8, regarding the amount of damages, is clearly proper. As discussed above, such documents are not protected by the attorney work product privilege and the fact that it

"may" already be available to Defendant is again irrelevant.

For the foregoing reasons, the instant Motion to Compel is GRANTED IN PART and DENIED IN PART. Plaintiff shall provide Responses to Interrogatory Nos. 1, 2, 4, 5 and 6, and to Requests for Production Nos. 5-8 within 14 days of the entry of the instant Order. The Motion is DENIED with regard to Interrogatory No. 8 and Requests for Production 1-4. The Court advises Plaintiff that her Interrogatory Responses must be made under oath. The portion of the Motion that seeks to extend discovery and dispositive Motion deadlines will be addressed in a separate Order.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge