IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) CASE NO. 3:11-00076 |
| vs. | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| | ) |
| | ) |
| AT&T SERVICES, INC. and | ) |
| COMMUNICATIONS WORKERS OF | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon the pro se Plaintiff's "Motion to Compel, Sanctions for Violation of Pretrial Order and Extension of Discovery." Docket 120. Plaintiff explains the Motion as follows:

> COMES NOW, Plaintiff Sabrina Holder-pro se PS, respectively moves this Court for an order compelling Defendant AT&T regarding a blank CD sent on March 11, 2013 (Exhibit 1 and Docket 48). The CD was sent by their legal team in Georgia YET not listed on their Initial Disclosures. Plaintiff does not know if it is supposed to be a recording, documents, etc. Plaintiff also asks that sanctions against the defendant AT&T be applied for contacting Plaintiff through e-mail when an order in the Pretrial Motion, CMC on 04/30/2013, stated by Magistrate Judge Knowles, "communication by parties will be through regular mail."

Id.

With regard to the CD, Plaintiff states that she received the blank CD from Defendant

AT&T in Georgia. She assumed Defendants were sending evidence of recordings, "considering she did disclose her possession of tape recordings." *Id.*, p. 3. She checked for both recordings and documents, but the CD "was only 1 min. 41 seconds of NOTHING!" *Id.* She complained to Defendants' local counsel of the "CD as being false," with "no response on April 8, 2013." *Id.*

With regard to the alleged violation of a Pretrial Order, Plaintiff argues that, at a Case Management Conference held April 30, 2013, "Defendant CWA asked for correspondence through e-mail . . . ." *Id.*, p. 4. Plaintiff denied and offered that correspondence be by certified mail. CWA denied that suggestion, whereupon the undersigned allegedly stated that communications would be through regular mail only. Essentially, Plaintiff complains that AT&T sent her an e-mail on July 22, 2013.

Defendant AT&T has filed a Response in opposition to the Motion. Docket No. 121. Defendant argues that the Motion is premature and fails to comply with the Local Rules, because Plaintiff did not attempt to confer in good faith with counsel for AT&T before filing her discovery Motion. The Response also states, "AT&T will provide a substitute CD containing the documents identified at its initial disclosures." *Id.*, p. 1. Defendant further states that Plaintiff has stated no basis for imposing sanctions because it sent a document both by e-mail and regular mail because of her "purported difficulties in receiving documents." *Id.*

AT&T is correct that Plaintiff has failed to comply with Local Rule 37.01. Even if that were not the case, however, AT&T has said that it will provide a substitute CD.

With regard to Plaintiff's request for sanctions, she does not specify the sanctions she seeks, nor does she specify any damage she incurred as a result of the fact that she was sent an email.

2

For the foregoing reasons, the Motion to Compel and Motion for Sanctions is DENIED.

Plaintiff's Motion also seeks an extension of the discovery deadline and the dispositive Motion deadlines. That Motion is DENIED AS MOOT, in view of Docket Nos. 135, 150.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge