IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) CASE NO. 3:11-00076 |
| vs. | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| | ) |
| | ) |
| AT&T SERVICES, INC. and | ) |
| COMMUNICATIONS WORKERS OF | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon "Defendant AT&T's Renewed Motion to Compel Responses to Requests for Production Nos.1-4." Docket No. 129. Defendant AT&T has submitted a supporting Memorandum (Docket No. 130) and the Declaration of one of its counsel (Docket No. 131). The pro se Plaintiff has not filed a Response to the Motion.

The instant Renewed Motion to Compel arises from a prior Motion to Compel, filed by Defendant AT&T (Docket No. 111). In that Motion, Defendant sought to compel Plaintiff to properly respond to a set of Interrogatories and Requests for Production of Documents that had been served by it upon Plaintiff. The Court granted AT&T's Motion in part and denied it in part. The Court denied the Motion with regard to Requests for Production Nos. 1-4, because AT&T had not supplied copies of those Requests and the Responses thereto. Docket No. 126, p. 3 n.1.

Thereafter, Defendant filed the instant Renewed Motion to Compel. AT&T seeks to

compel Plaintiff to respond to Request for Production Nos. 1-4. AT&T has filed a copy of Requests for Production Nos. 1-4 and Plaintiff's Responses thereto, in compliance with Local Rule 37.01(b)(2). Docket No. 131-1. AT&T argues that Plaintiff failed to serve any meaningful Responses to these Requests and did not produce any documents or recordings whatsoever. Docket No. 129, p. 1. As discussed above, Plaintiff has not responded to the instant Motion.[1]

The Requests for Production at issue and Plaintiff's Responses thereto are as follows:

> 1. All documents given by you or anyone acting on your behalf to any governmental agency, department, official, or office, which relate in any way to the allegations in your Complaint.
>
> **RESPONSE**: Objection: Argumentative
>
> 2. All other documents that support, contradict, or otherwise relate to the allegations in your Complaint.
>
> **RESPONSE**: Objection: Overbroad - Vague
>
> 3. All recordings, including but not limited to, any tape recordings, videotapes, transcriptions, written statements, or other reductions to writing of interviews or conversations with any present or former agent, employee, or official of Defendant AT&T Services, Inc. concerning your employment with Defendant, or any other matter relating to this litigation.
>
> **RESPONSE**: Objection: This interrogatory seeks info. Protected by the Attorney-work product (Pro Se)
>
> 4. All documents (whether originals or copies) directed or copied to or from any employee or former employee of Defendant AT&T Services, Inc. that related in any manner to the allegations in your Complaint.

---

[1] Thus, Plaintiff has not raised any issue that Defendant did not confer or attempt to confer with her before filing the instant Motion.

2

**RESPONSE**: Objection : Equally available

Docket No. 131-1, p. 5.

Request No. 1 is not argumentative. Request No. 2 is not overbroad or vague. In Request No. 3, AT&T seeks recordings concerning Plaintiff's employment with AT&T or any other matter related to this litigation. Plaintiff objects stating that "This interrogatory [*sic*] seeks info. protected by the Attorney-work product (Pro Se)." Plaintiff fails to explain how the work product doctrine could apply, because Plaintiff is not an attorney, and she cannot invoke the attorney-work product privilege. The work product doctrine is partially codified in Fed. R. Civ. P. 26(b)(3), which provides in relevant part:

> Trial preparation: materials.
>
> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnator, insurer, or agent).
>
> . . .
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Plaintiff is acting pro se, and there is simply no pro se attorney work product privilege of which the Court is aware.

Moreover, even if the material could be protected by the work product privilege, Plaintiff has not complied with the requirements of 26(e)(5)(A).

3

Request No. 4 is not necessarily "equally available." Plaintiff may have documents that AT&T does not have.

For the foregoing reasons, AT&T's Renewed Motion to Compel Responses to Requests for Production Nos. 1-4 (Docket No. 129) is GRANTED. Plaintiff shall provide appropriate Responses to the Requests at issue on or before fifteen (15) days after the entry of the instant Order.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

4

Case 3:11-cv-00076   Document 156   Filed 02/07/14   Page 4 of 4 PageID #: 789

Request No. 4 is not necessarily "equally available." Plaintiff may have documents that AT&T does not have.

For the foregoing reasons, AT&T's Renewed Motion to Compel Responses to Requests for Production Nos. 1-4 (Docket No. 129) is GRANTED. Plaintiff shall provide appropriate Responses to the Requests at issue on or before fifteen (15) days after the entry of the instant Order.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge