# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

SABRINA HOLDER )
)
      **Plaintiff,** )
)
)
) CASE NO. 3:11-00076
vs. ) JUDGE TRAUGER/KNOWLES
)
)
)
AT&T SERVICES, INC. and )
COMMUNICATIONS WORKERS OF )
AMERICA, )
)
      **Defendants.** )

## ORDER

This matter is before the Court upon "Defendant CWA's Renewed Motion to Compel Discovery Responses." Docket No. 133. Defendant has filed a supporting Memorandum of Law (Docket No. 133-1) and the Declaration of one of its counsel (Docket No. 133-2). Plaintiff has filed a Response to the Motion, although it was not timely filed. Docket No. 140. Defendant has filed a Reply. Docket No. 141.

The instant Renewed Motion to Compel arises from a prior Motion to Compel filed by Defendant CWA (Docket No. 114). The Court denied CWA's initial Motion to Compel on grounds that Defendant had not filed either the Interrogatories or Requests at issue, or Plaintiff's verbatim responses to those Requests and Interrogatories. Docket No. 127.

The Renewed Motion, filed by CWA, attached a copy of the Requests for Production and Plaintiff's Responses thereto. Docket No. 133-3.

Plaintiff has filed a Response to the Motion asking the Court "to deny defendant CWA 2nd Motion to Compel due to failure to 'meet and confer' in 'good faith,' according to F.R.C.P. 37(a)(1); working out the deficiencies and plaintiffs objections." Docket No. 140, p. 1. Plaintiff also refers to Local Rule 37.01(b)(2). *Id.*

Fed. R. Civ. P. 37(a)(1) provides in relevant part:

> [A] motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Local Rule 37.01, which is titled "Discovery Motions," states in relevant part:

> (a) Joint Written Statement. Prior to filing any discovery motions, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issues shall be attached to any discovery motion.
>
> . . .
>
> (b)    (3) Counsel for a party moving to compel discovery. . . . shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. *No such motion shall be considered by the Court absent compliance with this Rule.* . . .

(Emphasis added.)

CWA has not filed a certification or a joint written statement.

In its Reply, CWA avers that it sent Plaintiff a "meet and confer" letter. Docket No. 141, p. 1. CWA argues:

> In response to CWA's renewed motion, Plaintiff alleges that CWA's meet and confer letter was not delivered. (DE 140). In fact, delivery was attempted and the USPS left Plaintiff notice of

2

> the letter at her address. ... CWA did not receive a return letter or other notice that it had not been delivered. ... Having *mailed a meet and confer letter* via certified mail to the correct address, as specifically requested by Plaintiff, CWA satisfied its obligations pursuant to Local Rule 37.01.

*Id.* (Citations omitted, emphasis added.)

It is unclear to the Court whether a letter sent by one party to another satisfies the requirements of Fed. R. Civ. P. 37(a)(1). It is clear to the Court, however, that sending a letter does not comply with Local Rule 37.01 as quoted above. Moreover, the term "meet and confer letter" is somewhat oxymoronic. Persons do not "meet" by sending letters.

For the foregoing reasons, the instant Motion to Compel (Docket No. 133) is DENIED. The instant Motion also includes a request to extend the discovery deadline and the dispositive motion deadline. That Motion is DENIED as MOOT in view of Docket Nos. 135, 150.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge