IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SABRINA HOLDER,         )
                        )
        Plaintiff,      )
                        )
                        )
                        )
                        )   CASE NO. 3:11-00076
vs.                     )   JUDGE TRAUGER/KNOWLES
                        )
                        )
                        )
AT&T SERVICES, INC. and )
COMMUNICATIONS WORKERS OF )
AMERICA,                )
                        )
        Defendants.     )

## ORDER

This matter is before the Court upon the pro se Plaintiff's "Motion for Spoliation of Evidence," and "Motion for Spoliation of Evidence (Amended/Corrected)." Docket Nos. 138, 146. The Amended Motion explains that, "Plaintiff has made corrections to exclude Defendant CWA in this Motion." Docket No. 146, p. 1. Additionally, Plaintiff has corrected a date.

The Motion is, with all due respect, extremely difficult to follow. The Motion asks the Court "to act regarding the spoliation / suppression of medical records. . . ." Docket No. 138, p. 1. The Motion further states, "Plaintiff will try to demonstrate to the courts Defendant AT&T's deliberate attempt to suppress medical records in an attempt to thwart the litigation process and therefore gain victory over Plaintiff in this lawsuit. . . ." *Id.* Plaintiff lists the relief she seeks against AT&T as follows:

   1. Exclude Medical Expert Testimony,

        2. Negligent Spoliation,
        3. Intentional Spoliation,
        4. Adverse Inference,
        5. Tortious Interference,
        6. Default Judgment, and
        7. Sanctions.

*Id.*, p. 1.

In the Motion, Plaintiff avers that Defendant has "continued deliberate decisions to intentionally suppress evidence of medical records through a former physician, Dr. Malek Al-Omary of the Plaintiff (10yrs)." *Id.*, p. 4. Plaintiff avers that she has made three separate requests but she has yet to receive her medical records. Plaintiff attempted to pick up medical records and "work excuse" from Dr. Al-Omary on November 3, 2009. Plaintiff was informed that the office manager had faxed her medical records to her supervisor, Ann Loecher. Docket No. 138, p. 4. Plaintiff advised Rosalyn Brown, "EEO for AT&T" of her "concerns and fears of continued retaliation with the medical records showing high blood pressure 160/100." Plaintiff apparently complained to Dr. Al-Omary's office manager that her medical records had been faxed to her supervisor. *Id.*, p. 5. The office manager stated that Dr. Al-Omary knew about it and would take care of the matter and would report it to HIPPA. *Id.*

Plaintiff further avers that Dr. Al-Omary's office manager gave additional medical information to AT&T without her permission. *Id.*, p. 6. As best the Court can understand it, an attorney for AT&T, W. Troy Hart, mailed Plaintiff a medical release with an "altered date of injury." *Id.* Plaintiff called him and asked why the date of injury had been altered, and he made up an excuse. *Id.* She advised him not to contact her again. *Id.*

Plaintiff requested her medical history from Southern Hills Hospital, and received some

2

records, but some records were missing. *Id.* She was denied Worker's Compensation benefits in part because of some "comment" by Dr. Al-Omary. *Id.*

On January 9, 2012, she hand delivered a letter to Dr. Al-Omary asking if he had submitted false information to the Worker's Compensation specialist, but she received no response. *Id.*, p. 7. She made several further requests by phone regarding her medical records, apparently from Dr. Al-Omary's office. *Id.* She concludes the "Facts" section of her Motion with a statement, "Plaintiff current physician gets involved, made three (3) requests, yet as of today, no medical records sent to Plaintiff physician." *Id.*

Apparently, Plaintiff believes that AT&T is trying to hide her medical history in order to depose her and create a hostile environment to cause her to drop the lawsuit. *Id.*, p. 12.

In her conclusion, Plaintiff states in part:

> Plaintiff asks that Judge Aleta Trauger take "Judicial Notice" and enter a default judgment against the defendant, exclude expert testimony, strike defendants answer, monetary fines and adverse inference. Defendant conduct was intentional or at least negligent and that the spoliator should not be allowed to profit from its own misfeasance.

Docket No. 138, p. 14.

Plaintiff further seeks that Dr. Al-Omary and his office manager be "summons as a defendant in this case." *Id.* She further asks that, "Medical records be subpoena to the Plaintiff." *Id.*

Defendant has filed a Response in Opposition to the Motion which essentially states that Plaintiff has provided no evidence or documents supporting the accusations that it manipulated documents in her medical file and engaged in "influence/bribery" to prevent her physician from

providing medical records to her upon her request. Docket No. 143.

Defendant further states that Plaintiff has failed to comply with Local Rule 37.01(b)(3), requiring her to confer with counsel for Defendant before filing a discovery Motion. It is unclear to the Court, however, that Plaintiff's Motion is a "discovery" Motion.

Leaving that aside, the Court has virtually no idea how AT&T has engaged in the spoliation of evidence or what AT&T has to do with Plaintiff's medical records. Plaintiff apparently has a problem with the fact that Dr. Al-Omary has not given her her medical records, despite three requests to do so. Exactly how this situation relates to Defendant is a complete mystery.

For the foregoing reasons, Plaintiff's "Motion for Spoliation of Evidence" (Docket No. 138), and "Motion for Spoliation of Evidence (Amended/Corrected)" (Docket No. 146) are DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge