IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SABRINA HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-0076 |
| | ) | JUDGE TRAUGER/KNOWLES |
| AT&T, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two Motions, one filed by each Defendant, to dismiss this action for Plaintiff's failure to prosecute. Docket Nos. 180, 184. She has failed to attend her properly-noticed deposition on two separate occasions. Defendant AT&T Services, Inc., ("AT&T") has filed a supporting Memorandum of Law (Docket No. 181), and the Declaration of one of its counsel (Docket No. 182). Defendant Communications Workers of America ("CWA") has not filed a separate Memorandum of Law, but addresses authorities in its Motion. Docket No. 184. CWA has also filed the Declaration of one of its counsel. Docket No. 184-1.

Plaintiff has not filed a Response to either Motion.[1]

---

[1] The instant Motions were filed May 8 and 9, 2014. The Court notes that, on May 27, 2014, Plaintiff filed a "Motion for Extension." Docket No. 185. Plaintiff sought a two-day extension "in response to both defendants 'Motion to Dismiss for Lack of Prosecution.'" *Id*. She further stated, rather cryptically, "I believe the defendants lack any merits whatsoever in their motions and therefore humbly ask for this extension, fully meeting the requirements for an Objection/Response to both motions." *Id*. The undersigned granted that Motion on May 27, 2014, but Plaintiff still has not filed a Response to either Motion. Docket No. 186. On May 30,

Plaintiff, who is proceeding pro se, filed this action on January 26, 2011, more than three years ago. Plaintiff initially sued only AT&T, claiming violations of Title VII. Docket No. 1. On November 8, 2012, Plaintiff was allowed to amend her Complaint to add CWA as a Defendant. Docket No. 45.

On February 25, 2013, AT&T served a Notice of Deposition, setting Plaintiff's deposition for March 11, 2013. Docket No. 182. On March 7, 2013, Plaintiff filed a document headed in part "Objection to AT&T's Deposition." Docket No. 63. In that Objection, Plaintiff stated that she had been contacted by counsel for AT&T requesting her deposition on March 11, 2013. Plaintiff subsequently received a letter from AT&T's counsel stating that the deposition would be held at the law office of Defendant's counsel in Nashville. She further stated in part as follows:

> e. Plaintiff sent an email stating her Objection and felt the defendant has put her at a disadvantage and in a hostile environment.
>
> f. Plaintiff spoke with defendants counsel Waverly Crenshaw on March 7, 2013 regarding an amended request for production of documents. In the conversation Mr. Crenshaw asked was I still coming to the deposition. I advised counsel that I will not meet in their office and that it was a disadvantage and that I did not feel comfortable. I advised Mr. Crenshaw that I will asked [*sic*] the court (stated in docket a magistrate can assist plaintiff in deposition etc.,) Mr. Crenshaw offered no other reasonable option as to secure place, etc., He assisted [*sic*] on that the deposition will go on as (THEY) have planned.

---

2014, however, Plaintiff filed her own "Motion to Compel and Sanctions Against Defendant AT&T Services, Inc. and CWA." Docket No. 188. In that Motion, Plaintiff appears to take the position that, by filing her own Motion to Compel, she automatically receives additional time to respond to Defendants' Motions to Dismiss. Plaintiff's Motion to Compel will be addressed in a separate Order, but her filing the Motion to Compel has no effect upon instant Motions to Dismiss, as it does not address the merits of the instant Motions.

> g. Plaintiff does not feel comfortable meeting with any of the
> defendant's counsel especially in their own private office or
> settings and therefore requests. [*sic*]
>
> . . .
>
> Plaintiff also ask that deposition with defendant's counsel AT&T
> be reduced to questions sent to the plaintiff, Rule 30(c)(3)
> Participating through Written Questions. . . .

Docket No. 63, p. 3-5.

Plaintiff did not appear for that deposition. Docket No. 182, p. 1.

In a subsequent Order, Judge Trauger requested that the undersigned deal with the issue of whether the deposition would be taken on written questions and/or where it would be taken. Docket No. 64. Pursuant to that Order, the undersigned entered an Order stating in part:

> For the reasons set forth on the record during the Case
> Management Conference, the Court concludes that Defendants
> may take Plaintiff's deposition upon oral examination.
> Additionally, the deposition shall be taken at a time and place
> convenient to counsel and to Plaintiff.

Docket No. 85.

During that Case Management Conference, Plaintiff explained that she did not feel "comfortable" with giving an oral deposition, and that she had "concerns with the lawyers" for Defendants. She stated that they had "been very deceptive," and she believed they would be "rude and disrespectful." Transcript of Case Management Conference held April 30, 2013, unnumbered Docket Entry following Docket No. 84. During that call, the undersigned also required Plaintiff to provide her initial disclosures to Defendants on or before June 17, 2013. *Id*. On that date, however, Plaintiff filed a Motion seeking an extension for providing her initial disclosures "due to computer issues and location of specific evidence." Docket No. 89. The

Court granted that Motion without opposition. Docket No. 89. Plaintiff finally served her initial disclosures on July 5, 2013. Docket No. 107, p. 2.

On August 16, 2013, AT&T filed a Motion to Compel stating in part, "Plaintiff has failed to serve any meaningful responses to its discovery requests, and has not produced any documents or recordings whatsoever." Docket No. 111. AT&T had served its first set of Interrogatories and Requests for Production of Documents to Plaintiff on January 29, 2013. Docket No. 112, p. 2.

On February 25, 2014, Judge Trauger entered an Order that stated in relevant part, "The parties should move forward with whatever depositions and additional discovery needs to be taken so that, if dispositive motions are denied, the trial may go forward as rescheduled [for October 21, 2014]." Docket No. 170.

The Declaration of AT&T's counsel establishes the following facts:

> 5. On April 18, 2014, AT&T sent Ms. Holder a notice of deposition set for May 5, 2014 at a local court reporter's office because of her previous indication that she would not appear at our firm's offices in Nashville. I also called Ms. Holder and left a message for her about the deposition.
>
> 6. Ms. Holder did not respond to the letter or my other attempts to reach her until April 30, 2014, when she informed me by telephone that she was not available on May 5, 2014 and requested to reschedule on May 7, 2014. Ms. Holder further informed me that she would appear for a deposition only if it was conducted at the United States District Courthouse. AT&T and counsel for the Communications Workers of America were able to accommodate her request. I spoke with Ms. Holder that afternoon to confirm the date and time of the deposition. I also sent her a letter and amended notice by certified mail. A copy of the letter accompanying the notice is attached as Exhibit 1 hereto.
>
> 7. On May 7, 2014, I appeared at 9:00 a.m. for the deposition. Robert Weaver, counsel for CWA, and a court reporter were

4

> present. At about 9:20 a.m., I attempted to reach Ms. Holder using several numbers that have been reflected in the docket or that she had used in prior communications with our office. I was unable to reach her. I also confirmed that I had not received any attempts by Ms. Holder to notify me that she would not attend on time. At 9:30 a.m. Ms. Holder's non-appearance was noted for the record and the deposition was concluded.
>
> 8. I was later contacted by the District Clerk's office at approximately 9:45 a.m. and informed that Ms. Holder was present and had been unable to find the conference room on the notice. I attempted to reach counsel for CWA on his trip to Atlanta, but was unable to reach him and therefore the parties could not reasonably reconvene the deposition that day.

Docket No. 182, p. 2.

As discussed above, Plaintiff has not responded to the instant Motions. Defendants rescheduled the deposition at Plaintiff's request for May 7, 2014. The Case Management Order in effect at that time provided for a discovery deadline of May 7, 2014. Docket No. 161. Defendants further accommodated Plaintiff by scheduling the deposition at the United States Courthouse. Counsel for AT&T sent Ms. Holder a notice of the deposition setting it for Wednesday, May 7, 2014, at 9:00 a.m., in Room 787 of the United States Courthouse. Docket No. 182-1. Ms. Holder simply did not appear for the deposition, nor has she offered any explanation for her failure to do so.

In construing a Motion to Dismiss for failure to prosecute, the Court should consider four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanctions; and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citation omitted). Each of those factors weighs in favor of

dismissal.

First, it is apparent that Plaintiff's failure to appear for her latest deposition was part of a series of attempts to avoid engaging in discovery in good faith. Plaintiff has refused to respond to discovery requests, filed multiple Motions making baseless accusations against AT&T, and failed twice to appear for her deposition.

Additionally, AT&T served its First Set of Interrogatories and Requests for Production of Documents on January 29, 2013. Docket No. 182, p. 3. On February 25, 2013, AT&T served a Notice of Deposition setting Plaintiff's deposition for March 11, 2013. Docket No. 107-2. As discussed above, Plaintiff did not appear for her deposition. Docket No. 182, p. 1. Plaintiff also continued to refuse to provide complete discovery responses even after a conference call with the undersigned, and AT&T was forced to file a Motion to Compel. Docket No. 111. The undersigned granted that Motion in part (Docket Nos. 126, 156), but AT&T did not receive complete discovery responses from Plaintiff until April 11, 2014, more than a year after they were due.

As discussed above, on April 30, 2013, the undersigned ordered that Defendants "may take Plaintiff's deposition upon oral examination," denying Plaintiff's request to be deposed by written questions. Docket No. 85. AT&T did not schedule her deposition at that time, however, because it had not received complete discovery responses. On December 11, 2013, Plaintiff submitted a Motion for Protective Order asking the Court to "allow deposition to be taken by telephone or no deposition be taken at all." Docket No. 139, p. 2. The Court denied Plaintiff's Motion on February 7, 2014. Docket No. 159, p. 2.

Second, the discovery cut-off deadline was May 7, 2014, and the deadline for filing

dispositive Motions is June 9, 2014 (Docket No. 161), but Defendants have still not been able to depose Plaintiff. There is absolutely no question that Plaintiff is required to give her deposition pursuant to the Federal Rules of Civil Procedure. Obviously, Defendants are entitled to have the benefit of Plaintiff's deposition prior to filing a dispositive Motion.

Third, the Court has continued this action and revised the discovery deadlines several times in order to accommodate Plaintiff's numerous Motions and discovery conduct. While Plaintiff may not have been specifically warned that her conduct could lead to dismissal, she surely must have been aware of that fact.

Fourth, less drastic sanctions were considered. Specifically, Plaintiff failed to appear for her first properly-noticed deposition. The Court, therefore, ordered her to give a deposition upon oral examination at a time and place convenient to counsel and to Plaintiff.

Fed. R. Civ. P. 37(d)(1)(a)(i) and Rule 37(d)(3) authorize the Court to dismiss an action if a party fails to appear for a properly-noticed deposition. Additionally, Rule 41(b) provides in relevant part, "If the plaintiff fails to prosecute or to comply with these Rules or a Court Order, a defendant may move to dismiss the action or any claim against it." Not only has Plaintiff failed to prosecute this action, she has failed to comply with the Court's Order entered April 30, 2013, that she submit to a deposition upon oral examination at a time and place convenient to counsel and to Plaintiff. Docket No. 85. Once again, the Court emphasizes that Plaintiff's deposition was originally noticed for May 5. *At her request,* the date of the deposition was changed to May 7. Additionally, Defendants' counsel accommodated her request to have the deposition taken at the United States Courthouse.

The Court is aware that Plaintiff is proceeding pro se. Nevertheless, her "status as a *pro*

7

*se* Plaintiff does not allow h[er] to abuse the judicial process." *Williams v. Cochran*, 187 F.3d 639 (6th Cir. 1999).

For the foregoing reasons, the undersigned recommends that the instant Motions to Dismiss for Failure to Prosecute (Docket Nos.180, 184) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Defendant AT&T also seeks sanctions in the form of reasonable expenses and attorneys fees. Docket No. 181, p. 6. In view of the recommendation set forth herein, however, the undersigned does not recommend an award of attorneys fees and expenses.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge