IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:11-0076 |
| | ) JUDGE TRAUGER/KNOWLES |
| AT&T, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court upon the pro se Plaintiff's "Motion to Compel and Sanctions Against AT&T Services, Inc. and CWA." Docket No. 188. Plaintiff has filed a supporting Memorandum. Docket No. 189. Defendant CWA has filed a Response in Opposition to the Motion (Docket No. 190) as has Defendant AT&T (Docket No. 191).

The controlling Case Management Order in this action sets a discovery cut-off deadline of May 7, 2014, and a discovery-related Motions deadline of May 14, 2014. Docket No. 161. The instant Motion is plainly a discovery-related Motion. It was filed May 30, 2014, more than two weeks after the deadline for filing discovery-related Motions. Thus, the instant Motion is untimely.

Additionally, Plaintiff avers that the Responses to the discovery at issue were due on May 11, 2014, and May 16, 2014. Docket No. 188, p. 1. Thus, Plaintiff must have served her discovery approximately thirty (30) days prior to May 11, 2014 and May 16, 2014. Plaintiff also states that the discovery requests at issue were served on April 11, 2014. *Id.*, p. 2. Numerous

authorities support the proposition that discovery must be served far enough in advance of the discovery cut-off deadline so that the Responses are due on or before the discovery cut-off deadline. *See* Docket Nos. 190, p. 1-2; 191, p. 2-3. Plaintiff concedes that the discovery at issue was not so served. It is, therefore, untimely.

In her supporting Memorandum, Plaintiff complains that AT&T failed to provide complete initial disclosures. Docket No. 189, p. 4. She states, "Concealing witness's complete information, fails the requirement according to the Federal Rules and therefore requests Sanctions for failing to do so." *Id.* Plaintiff's Motion to Compel and for Sanctions, however, does not mention this issue. Nonetheless, Plaintiff does little more than simply state that either "Defendants" or AT&T did not provide complete disclosures. She does not explain how or why that is the case.

Additionally, as discussed above, the deadline for filing discovery-related Motions was May 14, 2014. Plaintiff's request with regard to initial disclosures is, therefore, untimely.

For the foregoing reasons, Plaintiff's Motion to Compel and for Sanctions (Docket No. 188) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge