# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:11-0076 |
| | ) JUDGE TRAUGER/KNOWLES |
| AT&T, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On June 5, 2014, the undersigned submitted a Report and Recommendation with regard to Defendants' Motions to Dismiss for Failure to Prosecute. Docket No. 196. That Report and Recommendation states that Plaintiff had failed to respond to those Motions. The undersigned thought that statement was correct when it was made, but has since discovered that it was not.

On June 6, 2014, the undersigned discovered three documents that were filed by Plaintiff, and that are headed "Opposition to Motion to Dismiss for Lack of Prosecution Both Defendants AT&T and CWA" (Docket No. 192), "Memorandum in Support of Opposition to Dismiss" (Docket No. 193), and "Declaration of Sabrina Holder" (Docket No. 194). These documents were "entered" on June 5, 2014, but were docketed as "Filed" on June 4, 2014. Apparently for this reason, these documents did not appear on the undersigned's daily electronic case filing e-mail on June 5, 2014. Additionally, to the best of the undersigned's knowledge, these documents did not appear on the docket of this case as reflected on the undersigned's computer at the time the referenced Report and Recommendation was prepared and submitted. Thus, the

statement that Plaintiff had failed to respond to Defendants' Motions to Dismiss for Failure to Prosecute was incorrect. This Supplemental Report and Recommendation will address Plaintiff's Response to the Motions and supporting documentation (Docket Nos. 192, 193, 194).

In considering Plaintiff's Response, Memorandum, and Declaration, the undersigned initially notes that these documents were not timely filed. The two Motions to Dismiss for Lack of Prosecution were filed May 8, 2014 and May 9, 2014. Pursuant to Local Rule 7.01(b), Responses to those Motions were due within fourteen (14) days after service of the Motions. Thus, the Responses were due on May 25 and May 26, 2014 (fourteen (14) days plus three (3) days for service as provided in FRCP 6(d)). Plaintiff did file a Motion for an extension of two (2) days to respond to the Motions to Dismiss on May 22, 2014. Docket No. 185. The undersigned granted that Motion on May 27, 2014. Docket No. 186. Thus, Plaintiff's Response to the Motions was due, at the latest, by May 29, 2014. The Response, however, was not filed until June 4, 2014. Pursuant to Local Rule 7.01(b), a party's failure to file a timely Response to a Motion indicates that there is no opposition to the motion.

Even if the Court considers Plaintiff's Response to the Motions, it is unconvincing. Plaintiff argues that she did not fail to show up twice for her deposition. She claims that, with regard to the first deposition, the Court "intervened." Docket No. 192, p. 1. That is simply not correct. As discussed in the Report and Recommendation, AT&T served a Notice of Deposition on February 25, 2013, setting Plaintiff's deposition for March 11, 2013. Docket No. 182. Plaintiff spoke with one of Defendants' counsel on March 7, 2013, who inquired as to whether Plaintiff was still coming to the deposition. She advised him that she would not meet in their office. Docket No. 196, p. 2. On March 7, 2013, Plaintiff also filed a document headed in part

"Objection to AT&T's Deposition" (Docket No. 63). Plaintiff did not appear for her deposition. The Court, however, plainly did not "intervene" in that situation.

With regard to her second missed deposition, she claims that she arrived for the deposition late because of morning traffic/construction.[1] She further states she did not have a cell phone with her, "as neither Defendants had cell phone listed in their Notices." Docket No. 192, p. 2. Given Plaintiff's track record in attempting to avoid giving her deposition, as discussed in the Report and Recommendation, the undersigned simply cannot accept these claims.

Finally, Plaintiff protests that she has been "fully involved" in prosecuting this case, and she even accuses Defendants of "fail[ing] to prosecute their own case . . . ." Docket No. 192, p. 3. Defendants, while they must comply with the Federal Rules of Civil Procedure, Local Rules of Court, and controlling law, are under no obligation to "prosecute" anything. Plaintiff's claim that she has been fully involved in prosecuting her case is simply not supported by the record in this action.

For the foregoing reasons, the undersigned again recommends that Defendants' Motions to Dismiss (Docket Nos. 180, 184) be GRANTED, and that this case be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

---

[1] As the Court noted in the previous Report and Recommendation, AT&T's counsel submitted a Declaration with regard to Plaintiff's non-appearance at that deposition. Docket No. 196, p. 4-5, (quoting Docket No. 182, p. 2). Counsel states that he was contacted by the district clerk's office at approximately 9:45 a.m. and was "informed that Ms. Holder was present and had been unable to find the conference room on the notice." *Id.* Curiously, in her instant filings, Plaintiff does not mention anything about not being able to find the correct room for the deposition.

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge