UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SABRINA HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:11-cv-0076 |
| | ) | Judge Aleta A. Trauger |
| v. | ) | Magistrate Judge Knowles |
| | ) | |
| AT&T, INC. and COMMUNICATIONS | ) | |
| WORKERS OF AM., | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM & ORDER

The Magistrate Judge has issued a Report and Recommendation (Docket No. 196) and a Supplemental Report and Recommendation (Docket No. 200), in which the Magistrate Judge recommends that the court grant defendant AT&T's Motion to Dismiss for Lack of Prosecution (Docket No. 180) and defendant CWA's Motion to Dismiss for Lack of Prosecution (Docket No. 184), both of which seek dismissal of the plaintiff's claims under Fed. R .Civ. P. 37. The plaintiff has filed timely Objections to the Magistrate Judge's reports (Docket No. 210 (corrected)), to which the defendants have filed Responses in opposition (Docket Nos. 212 -213).

The court construes the Magistrate Judge's reports and recommendations as relating to dispositive motions, which are subject to review under Fed. R. Civ. P. 72(b). When a party files objections to a magistrate judge's findings and recommendations regarding a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon reviewing the objections, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

1

Among several specific objections, the plaintiff contends that the Magistrate Judge failed to provide notice to her that failing to appear at the May 7, 2014 deposition would result in sanctions, and she argues that she made a good faith attempt to appear on time for the deposition but was late for reasons beyond her control.  In construing a motion for failure to prosecute, the court must consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanctions; and (4) whether less drastic sanctions were first imposed or considered.  *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

The plaintiff presented evidence of her attempt to appear for the deposition, including (1) a parking stub for a parking lot near the courthouse (where the deposition was to take place) stamped "9:14 a.m.," (2) an email reflecting an interview that she appears to have skipped to participate in the deposition, and (3) notices showing that there were lane closures along her route to the courthouse.  In contrast to the Magistrate Judge's findings, the court finds plaintiff's argument to be factually supported and credible.  Even assuming *arguendo* that the plaintiff should have appeared on time and *could* be sanctioned for that failure to appear, the record does not reflect that the plaintiff was warned that failure to cooperate would result in dismissal of her case.  Furthermore, the court finds no indication that the Magistrate Judge has considered (let alone imposed) sanctions short of dismissal.  The court certainly shares the Magistrate Judge's frustration with the protracted nature of this case, much of which appears to be attributable to the plaintiff's stalling tactics.  Nevertheless, in this particular instance, she appears to have made a good faith attempt to appear for her deposition, she was not adequately warned of the potential consequences of being late for her deposition, and the Magistrate Judge failed to consider

imposing lesser sanctions before dismissing her case. The balance of relevant factors therefore favors denying the defendants' Rule 37 motions.

For these reasons, the Magistrate Judge's reports and recommendations (Docket Nos. 196 and 200) are hereby **REJECTED**, the defendants' Rule 37 motions (Docket Nos. 180 and 184) are **DENIED**, and the case is hereby **REFERRED** back to the Magistrate Judge for further proceedings consistent with the court's previous referral order.[1]

On a final note, the plaintiff is specifically on notice that any further failures to cooperate with the defendants or to present herself for deposition may result in dismissal of her case with prejudice, and that she should not expect any further leniency from this court in that regard.

It is so **ORDERED**.

Enter this 24th day of August 2014.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] The court will address the defendants' joint Motion to Extend Dispositive Motion Deadlines and to Continue Trial Date (Docket No. 195) by separate order.