IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| SABRINA HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-0076 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| AT&T SERVICES, INC. and | ) | |
| COMMUNICATIONS WORKERS OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On August 25, 2014, Judge Trauger entered an Order (Docket No. 214) that rejected a Report and Recommendation (Docket No. 196) which had been submitted by the undersigned. That Report and Recommendation recommended that two Motions to Dismiss, one filed by each Defendant, be granted for lack of prosecution. Judge Trauger's Order, however, referred to Plaintiff's "stalling tactics," and specifically stated:

> On a final note, the plaintiff is specifically on notice that any
> further failures to cooperate with the defendants or to present
> herself for deposition may result in dismissal of her case with
> prejudice, and that she should not expect any further leniency from
> this court in that regard.

Docket No. 214, p. 3.

To make a long story short, Plaintiff has again failed to appear for her deposition. *See* Docket Nos. 220-223. Thus, Defendants have filed Motions to Dismiss for Plaintiff's failure to prosecute. *Id*. The Motion of AT&T is supported by a Memorandum of Law and the

Declaration of one of counsel for AT&T. The Motion of CWA is supported by the Declaration of one of its counsel. The Declarations essentially establish that AT&T sent Plaintiff a deposition notice setting her deposition for September 23, 2014, at 9:00 a.m. Counsel for AT&T spoke to Plaintiff by telephone on September 15, 2014. Plaintiff advised him that she did not intend to appear for her deposition because she had not yet received AT&T's Responses to discovery requests that she had sent on April 14, 2014. Docket No. 222. AT&T had objected to the discovery requests because they were untimely. The Court had previously agreed with AT&T that Plaintiff's discovery requests were untimely (Docket No. 198), and Plaintiff did not seek review of that ruling.

During the telephone conversation, Plaintiff did not mention any previously scheduled obligations, training, or surgery that would have prevented her from appearing on September 23, 2014. She told counsel that she would have a letter delivered to him about the deposition. She sent a letter to counsel on September 22, 2014 (the day before the deposition was set), that advised counsel she would "not be available" until after October 14, 2014. The letter stated that "[d]ue to obligations and time constraints already scheduled, along with a three (3) week training on the job, outpatient surgery scheduled, I would not be available until after October 14, 2014." Counsel states that Plaintiff never mentioned any of these concerns in her prior communications, and she did not specify what exactly prevented her from appearing on September 23, 2014.

Plaintiff did not attend her properly-noticed deposition on September 23, 2014. Docket No. 222, p. 2.

Furthermore, Plaintiff has not filed a Response to the instant Motions, although her Response was due October 14, 2014. Local rule 7.01(b) provides in relevant part, "Failure to file

a timely response [to a motion] shall indicate that there is no opposition to the motion."

For the foregoing reasons, the undersigned recommends that the instant Motions to Dismiss (Docket Nos. 220, 223) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge