UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SABRINA HOLDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:11-CV-0076 |
| ) | Judge Aleta A. Trauger |
| AT&T SERVICES, INC. and ) | |
| COMMUNICATIONS WORKERS ) | |
| OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On October 15, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 224), which recommends that both the Motion to Dismiss for Lack of Prosecution (Docket No. 220) filed by Defendant AT&T Services, Inc. ("AT&T") and the Motion to Dismiss (Docket No. 223) filed by Defendant Communications Workers of America ("CWA") be granted and that this action be dismissed with prejudice. Plaintiff Sabrina Holder ("Holder") has filed Objections (Docket No. 240), to which AT&T has filed a Response (Docket No. 241), and CWA has filed a Response (Docket No. 243). For the following reasons, the court will overrule the Objections, accept and adopt the R&R, and grant the Motions to Dismiss.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the

1

report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999). Upon reviewing the objections, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## FACTS AND PROCEDURAL BACKGROUND

Holder, who is proceeding *pro se*, filed this employment discrimination action four years ago. The case has a long and winding history replete with discovery disputes and requests for extensions. Because Holder's underlying factual allegations and legal claims against the defendants are irrelevant to the pending Motions to Dismiss for failure to prosecute, the R&R, and the Objections before the court, the court need not recite them herein. Instead, the court focuses on the procedural history and evidence that are directly relevant to the R&R and Objections – namely, (1) Holder's history concerning her deposition in this matter, (2) the orders of the Magistrate Judge and the court related thereto, and (3) Holder's failure to appear for a third properly noticed deposition.

**I.** **The First Two Deposition Notices and Motions to Dismiss**

On February 25, 2013, the defendants noticed Holder's deposition for March 11, 2013. Four days before the date of the deposition, Holder filed an objection, in which she stated that she was "not comfortable" being deposed in the offices of AT&T's counsel and requested to be deposed by written questions. (Docket No. 63.) On April 30, 2013, the Magistrate Judge issued an Order requiring Holder to submit to deposition by oral examination at a time and place

2

convenient to the parties ("April 2013 Order"). (Docket No. 85.) The re-scheduling of Holder's deposition was delayed while the defendants successfully pursued multiple motions to compel document and written discovery from Holder. (*See* Docket Nos. 111, 126, 129, 133, 156, 157.) On December 11, 2013, Holder requested that "the courts allow deposition to be taken by telephone or no deposition be taken at all." (Docket No. 139 at p. 3.) The Magistrate Judge denied Holder's request on February 7, 2014. (Docket No. 159 at p. 2.)

AT&T sent Holder a second notice of deposition for May 5, 2014, to be held at a local court reporter's office because Holder had refused to appear at the offices of AT&T's counsel. (Docket Nos. 180 at 3; 182 at ¶ 6; 184 at 1.) On April 30, 2014, Holder informed defendants' counsel that she was not available on May 5, 2014, and she requested to reschedule the deposition to May 7, 2014. (*Id.*) Holder also demanded that the deposition be conducted at the federal courthouse in Nashville, Tennessee. (*Id.*) The defendants agreed and scheduled the deposition for May 7, 2014 at 9:00 a.m. in Room 787 of the federal courthouse. (Docket No. 182, Ex. 1.; Docket No. 184 at 2.) The defendants' counsel appeared at 9:00 a.m. on that date with a court reporter, but Holder did not timely appear. (Docket Nos. 180 at p. 3; 182 at ¶ 7; 184, Ex. 1 at ¶ 4.) Counsel for the defendants could not contact Holder, and Holder did not contact them. (*Id.*) At 9:30 a.m., the defendants noted Holder's non-appearance for the record and departed. (Docket Nos. 180 at p. 3; 184 at 2; 184, Ex. 1 at ¶ 5.) Counsel for AT&T was later contacted by the office of the Clerk of Court at 9:45 a.m. and informed that Holder was present but could not find the conference room. (Docket No. 182 at ¶ 8; 184 at p. 2.) However, counsel for AT&T was unable to contact counsel for CWA (who was returning by car to Atlanta), and the deposition could not be reconvened. (*Id.*; Docket No. 184, Ex. 1 at ¶ 5.)

Defendants filed two Motions to Dismiss for failure to prosecute. (Docket Nos. 180, 184.) Holder filed responses stating that she was late for the deposition due to "morning traffic/construction" and "parking next to the District Court house."[1] (Docket Nos. 192, 193.) Holder asserted that an Interstate 65 construction project turned a fifteen minute commute into a forty-five minute one. (*Id*.) Holder also produced evidence that she had secured five hours of parking in support of the argument that she had planned to participate in the deposition. (*Id*.)

## II. **The Initial Report and Recommendation**

On June 5, 2014, the Magistrate Judge issued a Report and Recommendation that recommended that the court dismiss this action with prejudice for lack of prosecution, on the grounds that Holder had unacceptably delayed discovery and failed to appear for her deposition. (Docket No. 196.) However, because of a delay in electronic docketing and notification, that Report and Recommendation had not been prepared with the benefit of Holder's response to the motions to dismiss. On June 9, 2014, the Magistrate Judge issued a Supplemental Report and Recommendation that took into account Holder's responses. (Docket No. 200.) Citing Holder's poor track record of deposition attendance and lack of involvement in moving her case forward, the Magistrate Judge considered Holder's proffered excuses and rejected them. (*Id*. at p. 2-3.) The Magistrate Judge noted that Holder had failed to even mention a problem finding the courthouse conference room in her responses. (*Id*. at p. 3 n.1.)

Holder filed Objections to the Supplemental Report and Recommendation (Docket No. 207) and, with permission of the court, filed Amended Objections on July 7, 2014. (Docket No.

---

[1] Holder also filed a "Motion to Compel; Motion for Sanctions," accusing the defendants' counsel of discovery misconduct. (Docket No. 188). The motion was denied as baseless by the Magistrate Judge. (Docket No. 198.)

210.) The Amended Objections accused the Magistrate Judge of favoritism and also alleged various procedural and discovery misdeeds by the defendants. (*Id*., *passim*.) Holder contended that she missed her second deposition due to traffic and construction, did not have a cell phone, and could not find the conference room at the courthouse. (*Id*. at p. 8.) Holder asked for indulgence as a *pro se* litigant, sought less drastic sanctions than the Magistrate Judge had recommended, and requested that discovery be extended. (*Id*., *passim*.) The defendants filed responses to Holder's Amended Objections, in which they argued that Holder's actions on May 7 were not an isolated incident, but, rather, were part of an ongoing pattern of failure to prosecute the instant action. (Docket Nos. 212, 213.) The defendants further contended that they were engaged in meaningful discovery and there was no evidence of favoritism by the Magistrate Judge. (*Id*.)

### III.    The August 24, 2014 Memorandum and Order

On August 24, 2014, the court issued a Memorandum and Order ("August 2014 Order") that declined to adopt the Supplemental Report and Recommendation. (Docket No. 214.) The court found that (1) Holder had offered evidence of a good faith attempt to attend the May 7, 2014 deposition (including a parking receipt) that was foiled by traffic delays, and (2) even if that evidence were not credible, the Magistrate Judge had not sufficiently warned Holder that failure to cooperate on that date would result in the severe sanction of dismissal of her action. (*Id*. at p. 2.) The court concluded that, on balance, the best course of action was to deny the defendants' Motions to Dismiss for failure to prosecute and return this action to the purview of the Magistrate Judge for further proceedings. (*Id*. at pp. 2-3.) However, the court noted that it "certainly share[d] the Magistrate Judge's frustration with the protracted nature of this case, much of which appear[ed] to be attributable to the plaintiff's stalling tactics." (*Id*. at p. 2.) Accordingly, the

court explicitly warned Holder as follows: "[T]he plaintiff is specifically on notice that any further failures to cooperate with the defendants or to present herself for deposition may result in dismissal of her case with prejudice, and that she should not expect any further leniency from this court in that regard." (*Id*. at p. 3.)

## IV. The Third Deposition Notice and Motions to Dismiss

On September 10, 2014, AT&T sent Holder a third deposition notice, setting her deposition for September 23, 2014 at 9:00 a.m. in Room 783 of the federal courthouse in Nashville (the only location at which Holder had previously agreed to be deposed). (Docket No. 222 at ¶ 3 and Ex. 1.) On September 15, 2014, Holder telephoned counsel for AT&T and stated that she did not wish to appear for her deposition because the defendants had not responded to certain discovery requests. (*Id*. at ¶ 4; Docket No. 240 at pp. 8-9.) Holder informed counsel for AT&T that she would send a letter regarding the deposition. (*Id*.) Holder subsequently left a voicemail for counsel for AT&T in which Holder reiterated that she did not intend to appear for her deposition.[2] (*Id*. at ¶ 5.)

Holder thereafter sent counsel for AT&T a letter concerning the deposition. The letter was received by the offices of AT&T's counsel on Friday, September 19, 2014. (Docket Nos. 227 at pp. 2-3 & Exs.; 231 at pp. 1-2.) However, counsel for AT&T represents that the letter did not reach his desk until Monday, September 22, 2014. (Docket No. 231 at pp. 1-2.) In the letter, Holder stated that, "[d]ue to obligations and time constraints already scheduled, along with a three (3) week training on the job, outpatient surgery scheduled, I would not be available until after October 14, 2014." (Docket No. 222 at Ex. 2.) The letter did not explain specifically how

---

[2] Holder does not dispute this fact. (Docket No. 240 at p. 4.)

any of these excuses created an actual conflict on September 23, 2014. (*Id*.) The letter was the first time Holder had raised any of these excuses with counsel for AT&T; Holder had not mentioned any of them during the September 15, 2014 telephone call. (*Id*. at ¶ 6; Docket No. 240 at pp. 8-9.) No agreement was reached by the parties to reschedule Holder's deposition, and Holder did not file a motion for a protective order or otherwise seek the assistance of the court in rescheduling or avoiding the noticed September 23, 2014 deposition. (*See* Docket, *passim*.) Holder did not appear for the deposition.

The defendants once again filed Motions to Dismiss for failure to prosecute under Federal Rule of Civil Procedure 37. (Docket Nos. 220, 223.) AT&T argued that Holder's "failure to appear for her deposition for a third time was part of a pattern of attempts to avoid engaging in discovery in good faith." (Docket No. 221 at p. 5.) AT&T also cited Holder's (1) refusal to respond to discovery requests for over a year, (2) filing of multiple motions making purportedly baseless accusations against AT&T, and (3) seeking the same discovery relief after it had been previously denied. (*Id*.) AT&T stressed that Holder's third refusal to be deposed came "just weeks after the Court specifically warned [Holder] that her case would be dismissed if she failed to appear." (*Id*.) Finally, AT&T noted that it was particularly prejudiced by Holder's third failure to attend her deposition, because the discovery deadline was only ten days after the October 14, 2014 date, after which Holder stated she would be available. (*Id*.) CWA joined that argument and urged that Holder's *pro se* status not provide her shelter where Holder was (1) directed by the Magistrate Judge after her first failure to appear to cooperate with a deposition, and (2) cautioned by the court after her second failure to appear that further recalcitrance in submitting to deposition could result in dismissal of this action. (Docket No. 223 at pp. 2-3.)

7

Holder's responses to the renewed Motions to Dismiss were due on October 14, 2014. Holder did not timely file responses.

## V. **The Second Report and Recommendation**

On October 15, 2014, the Magistrate Judge issued the R&R. The Magistrate Judge found as follows:

> The Declarations essentially establish that AT&T sent Plaintiff a deposition notice setting her deposition for September 23, 2014, at 9:00 a.m. Counsel for AT&T spoke to Plaintiff by telephone on September 15, 2014. Plaintiff advised him that she did not intend to appear for her deposition because she had not yet received AT&T's responses to discovery requests that she had sent on April 14, 2014. AT&T had objected to the discovery requests because they were untimely. The Court had previously agreed with AT&T that Plaintiff's discovery requests were untimely, and Plaintiff did not seek review of that ruling.
>
> During the telephone conversation, Plaintiff did not mention any previously scheduled obligations, training, or surgery that would have prevented her from appearing on September 23, 2014. She told counsel that she would have a letter delivered to him about the deposition. She sent a letter to counsel on September 22, 2014 (the day before the deposition was set), that advised counsel she would "not be available" until after October 14, 2014. The letter stated that "[d]ue to obligations and time constraints already scheduled, along with a three (3) week training on the job, outpatient surgery scheduled, I would not be available until after October 14, 2014." Counsel states that Plaintiff never mentioned any of these concerns in her prior communications, and she did not specify what exactly prevented her from appearing on September 23, 2014.
>
> Plaintiff did not attend her properly-noticed deposition on September 23, 2014.

(Docket No. 224 at p. 2 (internal citations omitted).) The Magistrate Judge referred back to the court's August 24 Order that warned Holder about the consequences of stalling tactics or failure to attend a deposition. (*Id*. at pp. 1-2.) The Magistrate Judge also noted that, under Local Rule

8

7.01(b), Holder's failure to timely respond to the Motions to Dismiss indicated that there was no opposition to the motion. The Magistrate Judge once again recommended that the defendants' Motions to Dismiss for failure to prosecute be granted and that this action be dismissed with prejudice.[3] (*Id*. at p. 3.) On October 31, 2014, Holder filed Objections to the R&R. (Docket No. 240.) The defendants filed Responses thereto.[4] (Docket Nos. 242, 243.)

## VI. The Objections

---

[3] On October 16, 2014, after the issuance of the R&R, Holder filed a single untimely response to the Motions to Dismiss. (Docket No. 227.) Holder contemporaneously filed a "Motion for Protective Order Stay Discovery for Deposition." In that filing, Holder accused the defendants' counsel of extensively lying to the court. The defendants filed responses to the motion, which by their nature were also replies to the Motions to Dismiss, albeit after the Magistrate Judge had issued the R&R. (Docket Nos. 229, 231.) Holder later filed a "Motion to Compel and for Sanctions" ("Motion to Compel"), which demanded that the defendants provide responses to discovery that were due by October 21, 2014, despite the pendency of the R&R. (Docket No. 234.) AT&T concurrently filed a Motion for Protective Order that sought relief from the same discovery obligations. (Docket No. 232.) The court granted AT&T's Motion for a Protective Order. (Docket No. 233.) On October 31, 2014, Holder filed a "Motion to Vacate Order (Set Aside) AT&T Motion for Protective Order and Request for Leave to Submit Voice Message CD" ("Motion to Vacate"). (Docket No. 239.) AT&T filed a response to this motion on November 6, 2014. (Docket No. 242.) Because the court's decision will result in the dismissal of this entire action with prejudice, the court need not consider Holder's pending Motion to Compel or Motion to Vacate. However, because those motions call into question the veracity of the defendants' counsel, the court does note that, were it to rule on those motions, it would find them to lack merit. There is no evidence that the defendant's counsel have deceived the court.

[4] In both Responses, the defendants assert that (1) they sent Holder a *fourth* deposition notice, setting her deposition for October 17, 2014, a date that was after October 14, 2014 (*i.e.*, when Holder had written she would be available) and before the discovery deadline of October 24, 2014, and (2) that Holder notified the defendants by voicemail that she would not appear for her deposition, but offered no explanation. (Docket Nos. 241 at p. 4; 243 at p. 3 n. 2.) However, neither defendant attaches an affidavit setting forth these facts, and Holder has not had an opportunity to respond to them. Accordingly, the court does not consider Holder's alleged fourth failure to attend a deposition herein. Regardless, it is not necessary for the court to do so to reach its decision.

9

The Objections are overlapping, often unclear, and contain inappropriate attacks on counsel for the defendants. Recognizing Holder's status as a *pro se* litigant, however, the court liberally construes the objections. From an overall perspective, Holder disputes the conclusion that she meets the criteria for dismissal due to failure to prosecute. More specifically, Holder raises the following issues. First, Holder asserts that the declarations accompanying the pending Motions to Dismiss are "false statements without any factual evidence to support them." (Docket No. 240 at p. 4.) Second, Holder contends that she was not required to attend the September 23, 2014 deposition because (1) the defendants had not responded to her discovery requests and (2) she "never agreed" to be deposed on that date. (*Id*. at pp. 5-6.) Next, Holder asserts that the reason she did not explain her multiple conflicts with the September 23, 2014 deposition date to counsel for AT&T during the September 15, 2014 telephone conference is that counsel never inquired. (*Id*. at pp. 5-6.) Finally, Holder contends that the untimeliness of her response to the pending Motions to Dismiss was "excusable neglect," due to a combination of events including a family death, being away from home visiting a relative, and failing to notice a deadline set by the court. (*Id*. at p. 7.) Holder includes in her Objections a purported transcript of the September 15, 2014 telephone call with counsel for AT&T.[5] (*Id*. at pp. 8-9.)

In response, the defendants reiterate the chain of events from September 15, 2014, to September 23, 2014, and assert that Holder has never provided a satisfactory explanation for her failure to attend the properly noticed third deposition without seeking relief from the court.

(Docket Nos. 241 at

---

[5] Counsel for AT&T does not dispute the content of the transcript; thus there is no need for the court to admit Holder's proffered CD recording thereof. (*See* Docket Nos. 240 at p. 11; 241.)

p. 3.; 243 at pp. 1-2.) Furthermore, AT&T contends that Holder "appears to be operating under the belief that she was not required to appear for a deposition simply because she says the date 'does not work for her.'" (*Id*.) AT&T maintains that this is an unsupported and unacceptable position and contends that Holder has refused to cooperate in discovery. (*Id*.) The defendants argue that the evidence of record supports the conclusion that Holder does not wish to be deposed in this case. (Docket Nos. 241 at p. 3; 243 at p. 2.)

## **LEGAL STANDARD**

The court's power to dismiss an action for failure to prosecute has ancient roots and "cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). It is a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.; see also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) ("This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.") (internal quotation marks and citation omitted).

This power has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part, that, "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The decision to dismiss an action for failure to prosecute is within the sound discretion of the court. *Id.* Moreover, under Federal Rule of Civil Procedure 37(b)(2), a district court may sanction parties who fail to comply with its discovery-related orders in a variety of ways, including "dismissal of the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2); *Freeland v. Amigo*, 103 F.3d 1271, 1276-77 (6th Cir. 1997)

(citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990)). The use of dismissal as a sanction for failing to comply with discovery orders is appropriate because "it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland*, 103 F.3d at 1277 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). Federal Rule of Civil Procedure 37(d)(1)(a)(I) specifically authorizes the Court to dismiss an action if a party fails to appear for a properly noticed deposition.[6]

In construing a motion to dismiss for failure to prosecute, the court should consider four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanctions; and (4) whether less drastic sanctions were first imposed or considered. *Freeland*, 103 F.3d at 1277 (citing *Reg'l Refuse Sys., Inc., v. Granger Sales, Inc.*, 842 F.2d 150, 155 (6th Cir. 1987)). Although typically none of the factors is outcome dispositive, "it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)). "[S]tatus as a *pro se* [p]laintiff does not allow [a litigant] to abuse the judicial process []or to adhere to legal positions that are not reasonable" and avoid sanctions. *See Williams v. Cochran*, No. 98-5136, 1999 WL 164911, at *3 (6th Cir. Mar. 12, 1999).

---

[6] Federal Rule of Civil Procedure 37(d)(3) authorizes a court granting sanctions for failure to properly conduct discovery to also award attorney's fees caused by the sanctioned party's failures unless that failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

# ANALYSIS

The court has considered the four factors relevant to the failure to prosecute analysis. First, the court finds that Holder's failure to cooperate in discovery has become willful and in bad faith. The record in this four-year-old matter is replete with discovery delays caused by Holder. The most important of these delays is the failure to participate in a properly noticed deposition. Holder has now failed to timely appear for her deposition on three different occasions over two years, necessitating numerous extensions of discovery deadlines and trial dates. The court gave Holder the benefit of the doubt on the occasion of her second failure to timely appear for a deposition, but that indulgence came with a strong warning: the court's August 24 Order made it absolutely clear that Holder was *required* to cooperate with the defendants and present herself for deposition.

Unfortunately, Holder has chosen a different course of action than the one required by the court. The defendants properly noticed Holder's deposition to occur at the only location Holder considered acceptable. Since that time, Holder has gone to great lengths to avoid that deposition without offering evidence of any valid justification. During the September 15, 2014 telephone conference with counsel for AT&T, Holder adopted the substantively unreasonable position that she was entitled to avoid her deposition due to outstanding discovery requests, despite the fact that the court had previously granted the defendants relief from those very requests. Moreover, when presented with the opportunity to discuss actual conflicts with opposing counsel, Holder remained silent. Instead, Holder sent a last-minute letter to opposing counsel on the eve of her deposition that included various excuses, but she did not explain how any of those excuses actually created a concrete conflict. The next day, without seeking relief from the court, Holder

failed to appear.  Tellingly, in response to the pending Motions to Dismiss, Holder has offered *no* evidence as to where she actually was or what she was actually doing in lieu of her deposition on September 23, 2014.  The court finds that Holder's third failure to appear was not in good faith.

Second, the defendants have been prejudiced by Holder's failure to participate in discovery by appearing for deposition.  In an employment discrimination case, the deposition of the plaintiff is perhaps the most basic and important aspect of discovery – it is critical to the defendant's ability to devise other discovery, formulate strategy, retain experts (if necessary), and generally defend the action.  By stalling her deposition for several years, Holder has effectively hamstrung the defendants in discovery.  Moreover, Holder's actions have made it necessary for the defendants to engage in months of additional motion practice, including the preparation of legal briefs and declarations.  During that time, Holder has unreasonably maintained that her actions in avoiding her deposition are allowed under governing rules and orders of the court – which they are not.  Holder has vexatiously increased the burden of this litigation on the defendants.

Third, Holder was expressly warned by the court that failure to cooperate or appear for her deposition would result in dismissal of this action.

Fourth, less drastic sanctions have been both considered and employed in this case.  When Holder first failed to appear for her deposition, the Magistrate Judge considered various punishments, denied Holder's request for a deposition in writing, and ordered Holder to give an oral deposition at a convenient time and place.  When Holder failed to appear the second time, the Magistrate Judge recommended dismissal of this action, but the court declined that suggestion and instead issued a sternly worded order that made clear dismissal would result from any further

14

failure to appear. In other words, the Magistrate Judge and this court have twice considered and employed less drastic sanctions. The court put Holder on notice that more drastic sanctions would result from a failure to participate in discovery. These efforts appear to have had little effect, given Holder's actions in relation to her third deposition.

In sum, Holder has violated the Magistrate Judge's April 2013 Order to appear for deposition and this court's August 2014 Order to the same effect. These orders were communicated in clear, plain language. While Holder is a *pro se* litigant, she has actively participated in the litigation of an action with nearly two hundred and fifty docket entries over the course of four years, and she has demonstrated an understanding of the litigation process. Accordingly, Holder's *pro se* status cannot be an excuse for her selective participation in discovery. The court concludes that each of the four factors favors dismissal of this action for failure to prosecute.

Holder's Objections to the R&R do not alter the court's analysis. First, Holder's accusations of misconduct by the defendants' counsel are without any evidentiary support. The defendants have submitted affidavits that constitute evidence that is unchallenged by documentary evidence or other sworn statements. The transcript of the September 15, 2014 telephone call provided by Holder does not support her claims of dishonesty. In short, there is no evidence that the defendants' counsel have been dishonest in their representations to the court. Second, Holder's apparent argument that she had the option to arbitrarily "not agree" to a deposition on September 23, 2014 is both unreasonable and contrary to governing court orders. Third, Holder's attempt to shift the responsibility to counsel for AT&T (for not proactively asking Holder about conflicts known only to her) during the September 15, 2014 teleconference

15

is unavailing. It is simply not believable that the excuses that Holder provided in the letter received by counsel on September 22, 2014 – *i.e.*, three weeks of employment training, outpatient surgery, general unavailability – all arose after the September 15, 2014 telephone conference. As made clear in the court's August 2014 Order, Holder bore the responsibility of participating in discovery in good faith. Holder cannot shift that burden to AT&T at her own discretion. Finally, the fact that Holder's letter was delivered to the offices of AT&T's counsel on Friday, September 19, 2014, is of no moment. It is commonplace for there to be a delay in sorting and delivering mail within any law firm or company. If Holder wished to negotiate a change to the date of her deposition, it was Holder's responsibility to contact counsel for AT&T far enough in advance for that request to be credible and reasonable; she failed to do so.[7]

Accordingly, upon independent review, the court finds that Holder has failed to appear for her deposition in violation of court orders. The court further finds that, under Federal Rules of Procedure 37(b)(2) and 41(b), and controlling precedent, the defendants are entitled to the dismissal of this action for Holder's failure to prosecute this action.[8]

## **CONCLUSION**

For these reasons, the court finds as follows:

1. Plaintiff Sabrina Holder's Objections (Docket No. 240) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Docket No. 224) is **ACCEPTED AND ADOPTED.**

---

[7] On *de novo* review, the court has considered Holder's Response to the pending motions despite the fact that it was filed one day late, and the court does not base its conclusions herein on the tardiness of that filing.

[8] The court does not find that an award of attorney's fees would be just in this case.

3. Defendant AT&T Services, Inc.'s Motion to Dismiss (Docket No. 220) is **GRANTED**.

4. Defendant Communications Workers of America's Motion to Dismiss (Docket No. 223) is **GRANTED**.

5. This matter is **DISMISSED WITH PREJUDICE**. This Order shall constitute the final judgment in this case. The Clerk of Court shall close the case for all purposes.

It is so **ORDERED**.

Enter this 28th day of January 2015.

_____
ALETA A. TRAUGER
United States District Judge